IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Action No. 07-cr-00188-WDM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

11. ROBERTO LOPEZ AND
17. OSCAR GARCIA-RUIZ,

 Defendants.

_____

**FINDINGS CONCERNING *JAMES* SUBMISSION**
_____

  This matter was before me on March 3, 2009, for a scheduled *James* hearing. Following various notices of dispositions, the only remaining defendants participating at the hearing were Roberto Lopez and Oscar Garcia-Ruiz. The government had previously filed a 508-page *James* submission which contained a general summary of the evidence the government says it will produce at trial to show the existence of a drug conspiracy and the various roles the individual defendants played in that conspiracy. The submission also contained an uncontested summary of numerous recorded phone calls involving various defendants. In response to my inquiry whether it would introduce any evidence, the government declined and stated it relied on its submission under the authority of *United States v. Roberts*, 14 F.3d 502 (10th Cir. 1993)

  On the basis of the government's summary, I orally concluded that the proffered evidence tends to indicate the existence of a drug conspiracy and the involvement of

defendants Lopez and Garcia-Ruiz in that conspiracy.  No determination was made whether any particular statement was in furtherance of the conspiracy.

Given the absence of actual evidence, I cannot make other than a provisional ruling.  Although co-conspirator statements alone may be considered in determining whether a conspiracy exists, there still must be some independent evidence that the conspiracy existed and that the defendant was linked to it.  *United States v. Lopez-Guiterrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).  The *Roberts* case does not alter this basic rule.

Accordingly, I find and conclude that, if the evidence contained in the government's proffer is admitted, the evidence tends to prove by a preponderance of the evidence that a drug conspiracy existed and defendant's Lopez and Garcia-Ruiz were members of the conspiracy.  This provisional ruling, however, does not constitute the admission of any evidence under Fed. R. Evid. 801(d)(2)(E) or any other rule of evidence.  It is anticipated that defendants will object to any evidence it believes is inadmissible at trial.

DATED at Denver, Colorado, on March 4, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge